<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EUGENIA K. EMMANOUIL and ANTHONY Z. EMMANOUIL, ) ) ) ) Plaintiffs, ) ) v. ) ) MITA MANAGEMENT, LLC et al. ) ) ) Defendants. ) ) | Civil Action No. 11-5575 (JAP)<br><br>**MEMORANDUM OPINION** |

**PISANO, Judge**

This matter comes before the Court upon a Motion for Recusal of Magistrate Judge Tonianne J. Bongiovanni by Defendants Vincent Roggio and Callie Lasch Roggio (collectively "Defendants" or "the Roggios"). (DE 38.) Plaintiffs Eugenia K. Emmanouil and Anthony Z. Emmanouil (collectively "Plaintiffs" or "the Emmanouils") oppose the Motion. (DE 40.) The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny the Motion for Recusal.

**I.   BACKGROUND**

The Emmanouils and Roggios were involved in a related action in the District of New Jersey, <u>Emmanouil et al. v. Roggio et al.</u>, Civ. Action No. 06-1068 (hereinafter "Related Action"), which proceeded to trial in August 2010 on multiple issues including, <u>inter alia</u>, breach of contract, fraud, breach of fiduciary duty, and unjust enrichment.

The Motion for Recusal arises out of several decisions by Magistrate Judge Tonianne J. Bongiovanni in the Related Action. (Defs. Br. at 4-14; DE 38-2.) In an opinion and order dated August 24, 2006, Judge Bongiovanni disqualified the law firm of Scarinci and Hollenbeck from representing the Emmanouils and their son in the Related Action. (Related Action, DE 18.) Plaintiffs' son, Zachary Emmanouil ("Zachary"), had represented Vincent Roggio ("Vincent") in a number of transactions in 2000. (Id. at 5.) For that reason, the Roggios successfully argued that Zachary violated the New Jersey Rules of Professional Conduct ("RPCs") by revealing confidential information to Scarinci and Hollenbeck to the disadvantage of Vincent and by acting in a way materially adverse to a former client. (Id. at 6-15.) Judge Bongiovanni disqualified Scarinci and Hollenbeck from representing the Emmanouils upon finding that the firm knowingly assisted or induced Zachary in these violations. (Id. at 5.) The firm was not disqualified in its representation of Zachary, but Zachary was eventually dropped as a party in case. (Id.; Related Action, DE 23.) In need of new counsel, the Emmanouils retained the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy"). (Related Action, DE 27.)

On November 19, 2007, presiding Judge Freda L. Wolfson heard oral argument on the issue of whether the district court should appoint a receiver for West Belt Auto Supply Inc., a plaintiff in the Related Action. (Related Action, DE 84.) During the hearing, and over the Roggios' objection, Judge Wolfson allowed the Emmanouils, through counsel, to question Vincent regarding allegedly false testimony he had given in Haught v. Biscayne Bay Tower, et al., a case in Florida in which Zachary represented Vincent. (Related Action, DE 130 at 3.)

After the hearing, the Roggios filed a motion to seal the transcript and papers relating to the request for the appointment of a receiver, contending that the materials contained confidential information protected by the attorney-client privilege. (Related Action, DE 88.) Judge

Bongiovanni denied the motion to seal in an opinion and order dated April 18, 2008.  (Related Action, DE 99.)  Judge Bongiovanni relied on Judge Wolfson's determination during the hearing that the questioning concerning the Haught testimony was not protected by the attorney-client privilege.  (Id. at 9.)  Thus, Judge Bongiovanni found no legitimate interest in the materials that would warrant their sealing.  (Id. at 10-12.)

The Roggios appealed the denial of their motion to seal.  (Related Action, DE 104.)  On November 5, 2008, Judge Wolfson vacated Judge Bongiovanni's opinion and order and sealed the papers and testimony regarding the Haught matter.  (Related Action, DE 112.)  In their appeal, the Roggios argued that McElroy would not have known to question Vincent about the Haught matter but for Vincent's confidential disclosures to Zachary during the Haught representation and Zachary's subsequent disclosure of that material to McElroy.  (Id. at 6.)  Judge Wolfson agreed, determining that Zachary's discussion with Vincent concerning Vincent's testimony in Haught fell within the purview of the attorney-client privilege.  (Id. at 7.)  Moreover, Judge Wolfson found that it was unlikely that McElroy would have known to look into whether Vincent lied during the Haught proceeding without Zachary's disclosure in violation of the RPCs.  (Id. at 7-8.)  Accordingly, Judge Wolfson ordered that the November 19, 2007 transcript and papers relating to the appointment of a receiver be sealed.  (Related Action, DE 113.)

The Roggios thereafter moved to disqualify McElroy contending that McElroy assisted Zachary in breaching the RPCs.  (Related Action, DE 115-4.)  Judge Bongiovanni denied the motion on May 5, 2009.  (Related Action, DE 130.)  Judge Bongiovanni distinguished this motion to disqualify from the Roggio's first motion to disqualify by pointing out that the disqualification of Scarinci and Hollenbeck resulted from "their attempted dual representation of

Zachary, who had formerly represented Vincent, and the Emmanouils who had not." (Id. at 10-11.)  McElroy, however, had only ever represented the Emmanouils.  (Id. at 12.)  Moreover, Judge Bongiovanni found that "[w]hile Zachary himself has clearly violated the RPCs, Roggio has not established that McElroy knowingly assisted or induced Zachary to do so."  (Id. at 12-13.)

In addition to the disqualification issue, the Roggios objected to the inclusion of two exhibits to the Emmanouils' un-sealed opposition, which the Roggios argued had been previously sealed by the court.  (Id. at 6.)  Judge Bongiovanni permanently sealed Exhibit N to the Certification of Louis Modugno, Esq. ("Exhibit N"), which was Judge Wolfson's opinion and order sealing the testimony and papers containing reference to the Haught testimony.  (Id. at 15.)  Judge Bongiovanni temporarily sealed Exhibit E to the Certification of Louis Modugno, Esq. ("Exhibit E"), which consisted of a webpage print-out listing Vincent's criminal history.  (Id.)  Exhibit E was ordered permanently sealed by Judge Bongiovanni on July 1, 2009.  (Related Action, DE 157.)

The Roggios appealed Judge Bongiovanni's decision denying their motion to disqualify McElroy, (Related Action, DE 144), but Chief Judge Garrett E. Brown, Jr. affirmed on November 23, 2009.[1]  (Related Action DE 194, 195.)  Chief Judge Brown found that "Roggio [had] presented little more to support his attempt to disqualify McElroy than conclusory allegations thinly buttressed with cherry-picked passages from prior decisions in this case.  That is not sufficient to support the 'drastic measure' of attorney disqualification."  (Related Action, DE 193 at 8.)

---

[1] The Related Action was reassigned from Judge Wolfson to Chief Judge Brown on December 2, 2008.  (DE 114.)

The Related Action eventually proceeded to trial, and Chief Judge Brown entered final judgment on April 8, 2011 in favor of Anthony Emmanouil, Eugenia Emmanouil, and West Belt Auto Supply, Inc. and against Vincent Roggio ("Judgment").  (Related Action, DE 293, 324.)  The Related Action is currently on appeal before the Third Circuit and includes the issue of whether the district court abused its discretion in affirming the denial of the Roggio's motion to disqualify McElroy as counsel for the Emmanouils.  (Digiulio Decl., Ex. A; DE 40-1.)

Based upon post-judgment discovery in the Related Action and after being unable to secure payment of the Judgment, Plaintiffs filed a Verified Complaint on September 26, 2011.  (DE 1.)  Plaintiffs allege, <u>inter alia</u>, fraudulent conveyance and transfer, conspiracy, debtor false oath to creditor, unjust enrichment, and conversion.  Judge Bongiovanni was assigned to the current action on October 11, 2011, and the Roggios filed a Motion for Recusal of Judge Bongiovanni on April 19, 2012.  (DE 38.)  Plaintiffs filed a brief in opposition on May 6, 2012.  (DE 40.)

## II.   DISCUSSION

The decision of whether to recuse lies within the discretion of the judge.  <u>United States v. Wilensky</u>, 757 F.2d 594, 599-600 (3d Cir. 1985).  Two statutes govern the issue of recusal; a party may move for recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455.  First, § 144 provides that a district court judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party.  Defendants have not submitted an affidavit pursuant to § 144 and only rely on § 455 in their Motion.  However, § 455 is similar in substance to § 144 and the two sections are construed in <u>pari materia</u>.  <u>See</u> <u>Apple v. Jewish Hosp. & Med. Ctr.</u>, 829 F.2d 326, 333 (2d Cir. 1987).

Section 455(a) provides that "[a]ny . . . magistrate judge of the United States" must be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, § 455(b)(1) provides that a judge must be disqualified where she "has a personal bias or prejudice concerning a party . . . ." Id. § 455(b)(1).

### A. Timeliness of the Motion for Recusal

Motions for recusal are untimely if a party is aware of the grounds supporting removal yet fails to act until the judge issues an adverse ruling. In re Kensington Int'l, Ltd., 368 F.3d 289, 314-15 (3d Cir. 2004). Section 455 does not contain an express timeliness requirement; but one is read in because "the judicial process can hardly tolerate the practice of a litigant with knowledge of the circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming." In re Kensington Int'l, Ltd., 368 F.3d at 312 (quoting Smith v. Danyo, 585 F.2d 83, 86 (3d Cir. 1978)). However, timeliness is just one factor in the determination of whether a judge should be relieved from her assignment. Smith, 585 F.2d at 86.

Plaintiffs argue that the Motion is untimely because the decisions in the Related Action on which the Roggios rely date back to 2009 and because the Related Action has already been tried to a jury and is currently before the Third Circuit on appeal. (Pls. Br. at 6; DE 40.) Judge Bongiovanni's decisions, which form the basis of the Motion, were therefore known to the Roggios in May 2009 at the latest, which was over three years ago. Thus, the Motion is untimely for that reason alone. See Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 1410 (5th Cir. 1994)(holding that party must move for recusal at the earliest moment after becoming aware of the facts demonstrating the basis for a recusal); Apple, 829 F.2d at 333 (same).

Yet there is still a larger problem with the timeliness of the Roggios' Motion. Specifically, the Roggios voiced no objection until after Judge Bongiovanni ruled on the motions before her, after the case was tried to a jury, and after the district court entered final judgment. Therefore, the Motion is untimely first because the Roggios failed to raise the issue of recusal until after an adverse ruling on their motion to disqualify McElroy. Second, and more flagrant, the Roggios failed to move for the recusal of Judge Bongiovanni until after final judgment. However, the Roggios "cannot be permitted to sit silently on recusal grounds and then to advance them only after they have lost the case." Faulkner v. Nat'l Geographic Soc'y, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003), aff'd sub nom. Faulkner v. Nat'l Geographic Enter. Inc., 409 F.3d 26, 41-43 (2d Cir. 2005).

Consequently, the Court finds the Motion for Recusal is untimely. However, as timeliness is just one factor in the analysis, albeit an important one, Smith, 585 F.2d at 86, the Court will proceed to the merits of the Motion.

      **B.**    **The Merits of the Motion for Recusal**

Where a party claims, as the Roggios do here, that a judge should recuse pursuant to 28 U.S.C. § 455 because of a personal bias, prejudice, or lack of impartiality, a party generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal. See Smith v. Danyo, 585 F.2d 83, 87 (3d Cir. 1978). Extrajudicial bias "refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980). As such, litigants do not have the right to demand recusal based on unfavorable rulings. SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Johnson, 629 F.2d at 291 (stating that rulings by the

district court were not a basis for recusal); Smith, 585 F.2d at 87 ("The [movants] also object that some rulings were wrong. Such errors, even compounded, do not satisfy the requirements of § 144."). The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because "[i]n and of themselves, they cannot possibly show reliance upon an extrajudicial source." Liteky v. United States, 510 U.S. 540, 555 (1994). Nevertheless, in the absence of extrajudicial bias, a party seeking recusal must show that a judge has a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 555-56.

Further, if a party claims that a judge should recuse under § 455(a) because her "impartiality might reasonably be questioned," the test that applies is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d at 301. This is an objective inquiry that considers not only whether a judge is actually impartial but whether there is an appearance of impartiality. See In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig., 418 F.3d 277, 320 (3d Cir. 2005).

The Court finds no merit to the Roggios' Motion for Recusal. The Roggios have not pointed to one action by Judge Bongiovanni that is not appropriately addressed by an appeal. In fact, Judge Bongiovanni's decision denying the motion to disqualify McElroy, which is the basis for nearly all of the allegations in the Roggios' Motion for Recusal, was appealed to Chief Judge Brown and is currently an issue in the appeal of the Related Action to the Third Circuit.

The crux of the Motion for Recusal is legal error that the Roggios assign to Judge Bongiovanni in deciding the motion to disqualify McElroy. In particular, the Roggios claim that Judge Bongiovanni, in deciding the motion to disqualify, reviewed de novo Judge Wolfson's

legal and factual conclusions. And, in so doing, the Roggios allege that Judge Bongiovanni exceeded her jurisdiction as set forth in 28 U.S.C. § 636.[2] First, the Roggios claim that Judge Bongiovanni overruled findings involving the attorney-client privilege and waiver of the privilege.[3] Second, the Roggios allege that Judge Bongiovanni, in conflict with her decision in the first motion to disqualify, found that McElroy did not inappropriately consult with Zachary.

In addition to the allegations regarding the disposition of the motion to disqualify, the Roggios take issue with Judge Bongiovanni's handling of Exhibit E and Exhibit N, which were filed by McElroy in opposition to the motion to disqualify. Specifically, the Roggios allege that Judge Bongiovanni ignored McElroy's violation of previous sealing orders; defended McElroy's publishing of Exhibit E; and gained knowledge of false information regarding Vincent's criminal history. However, Judge Bongiovanni ordered Exhibit E temporarily sealed on May 5, 2009 and later permanently sealed Exhibit E on July 1, 2009. (Related Action, DE 157.) As such, the Roggios cannot argue seriously that Judge Bongiovanni ignored or defended McElroy's publishing of Exhibit E. Moreover, the Roggios assert only that Judge Bongiovanni was made aware of the FBI report, not that the report somehow created a personal animus leading to an unfavorable result.

---

[2] 28 U.S.C. § 636 sets forth the powers and duties of United States magistrate judges. That section does not expressly include the power to reconsider, alter, or set aside prior decisions of a district judge. See Taylor v. Nat'l Grp. of Co.'s, Inc., 765 F. Supp. 411, 413-14 (N.D. Ohio 1990).

[3] It does not appear to the Court that Judge Bongiovanni overturned or was in any way inconsistent with Judge Wolfson's decision. In deciding to seal the transcript and papers associated with the November 19, 2008 receivership hearing, Judge Wolfson found that Zachary violated the attorney-client privilege. (Related Action, DE 112 at 7.) But Judge Wolfson did not determine whether McElroy assisted that violation. Likewise, Judge Bongiovanni, in declining to disqualify McElroy, stated that "Zachary himself has violated the RPCs . . . ," but found that McElroy had not. (Related Action, DE 130 at 12-13.) Judge Bongiovanni made no findings with respect to waiver of the privilege.

It is apparent that the Roggios simply disagree with the ultimate disposition of their motion to disqualify McElroy in the Related Action. In their reply brief, the Roggios state that "the issue here is about rulings that are <u>adverse to the law</u>." (Defs. Reply Br. at 3 (emphasis in original).) But the disagreement that the Roggio's have with Judge Bongiovanni's application and conclusions of law must be dealt with in an appeal, not in a recusal motion. Similarly, the Roggio's position that Judge Bongiovanni exceeded her jurisdictional authority must also be presented in an appeal. "[T]he alleged bias must be rooted in extrajudicial sources, rather than in judicial actions which can be corrected on appeal." <u>Smith</u>, 585 F.2d at 87 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583(1966)). Therefore, the Court cannot grant the Motion to Recuse Judge Bongiovanni on the basis of her decisions in the Related Action.

Finally, the Roggios allege that Judge Bongiovanni's "conflicted and prejudicial" decisions protected McElroy at the cost of the public's confidence in the court system. (Defs. Br. at 13-14, 44-47.) However, in so arguing, the Roggios state again that Judge Bongiovanni overruled Judge Wolfson by refusing to disqualify McElroy. The Court has already considered and rejected this argument since "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555. The Roggios then assert that Chief Judge Brown, in affirming the opinion denying the motion to disqualify, "only made the error more egregious." (Defs. Br. at 13.) That is not relevant to whether Judge Bongiovanni must recuse. Finally, the Roggios argue that inconsistent and unsupported rulings with respect to Exhibit E caused this Court in <u>Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP</u>, Civil Action No. 10-0777 (JAP), to conclude in error that McElroy did not violate Vincent's right to privacy when McElroy published Exhibit E as part of its opposition to the motion to disqualify. Again, that

10

assignment of error to this Court is not relevant to whether Judge Bongiovanni must recuse. Rather, if unhappy with the Court's ruling, the Roggios must seek relief through an appeal.[4]

Ultimately, the Court is unable to find that Judge Bongiovanni maintained a bias or prejudice grounded in an extrajudicial source. The contentions made by the Roggios in their Motion for Recusal are based on asserted legal errors made in decisions decided over three years ago. Consequently, the Court finds that the Motion for Recusal of Judge Bongiovanni must be denied.

### III.    CONCLUSION

For the reason set for above, the Court denies the Motion for Recusal. An appropriate order is filed herewith.

Date:  June, 18 2012

/s/ JOEL A. PISANO
United States District Judge

---

[4] Vincent did in fact appeal this Court's opinion and order dismissing the violation of privacy and defamation claims. The Third Circuit affirmed that decision on February 28, 2011. Roggio v. McElroy Deutsch, Mulvaney & Carpenter, LLP, 415 Fed. Appx. 432 (3d Cir. 2011).