# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EUGENIA K. EMMANOUIL *et al.*,

Plaintiffs,

v.

MITA MANAGEMENT, LLC *et al.*,

Defendants.

Civil Action No. 11-5575 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant Vincent Roggio's ("Roggio") latest motion in a decade-long campaign, this time a Motion to Vacate the Court's February 15, 2022 Order (the "Order"). (ECF No. 169.) That Order denied Roggio's first motion to vacate the Court's August 24, 2015 dismissal order six years after it issued. (ECF No. 165.) Considering the timing of Roggio's latest motion,[1] the Court (again) construes Roggio's Motion under Federal Rule of Civil Procedure 60(b).[2] Again, Roggio fails to put forward a theory as to why this Court should reopen a case long finalized. For one, Roggio alleges the same issues that the Court rejected a few months ago. (*See* ECF No. 168. *But see Montalban v. Powell*, 830 F. App'x 69, 71 (3d Cir 2020) (finding that an attempt to relitigate arguments already considered does not warrant relief under Rule 60(b)).) That is, Roggio argues that the Court must vacate its 2015 order because the Court should have previously voided the order issued by the Hon. Tonianne J. Bongiovanni, U.S.M.J.,

---

[1] Under Local Civil Rule 7.1(i), a party must move for reconsideration "within 14 days after the entry of an order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i); *see also Conserve v. Orange Twp.*, No. 21-872, 2022 WL 1617660, at *3 (D.N.J. May 23, 2022).

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

or at a minimum found that the parties defrauded the Court to Roggio's disadvantage in this litigation. (*See generally* ECF No. 169.)

But as the Court already held, these reasons fall woefully short of being "made within a reasonable time." Fed. R. Civ. P. 60(b)(1). And even if Roggio raised them six years ago, the Court would still deny his Motion because the Court already heard his arguments on the merits. (*Compare* ECF No. 147 (Roggio arguing that the judgment is void and in violation of due process in December 2014), *with* ECF No. 169 (Roggio raising a due process argument and declaring the judgment void in March 2022).) As such, the Court denies Roggio's Motion as both untimely and meritless.[3]

**IT IS THEREFORE**, on this 21st day of July 2022, **ORDERED** as follows:

1.    The Clerk of the Court shall reopen the case for consideration of Roggio's Motion.

2.    The Court **DENIES** Roggio's Motion to Vacate Order. (ECF No. 169.)

3.    The Clerk of the Court shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court twice decided Roggio's identical motions to vacate the Court's 2015 order, Roggio should restrain himself from filing yet another motion to vacate. Further meritless efforts to disturb the Court's prior order will be summarily denied.