NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUGENIA K. EMMANOUIL, *et al.*,

        Plaintiffs,

        v.

MITA MANAGEMENT, LLC, *et al.*,

        Defendants.

Civil Action No. 11-5575 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on pro se Defendant Vincent Roggio's ("Roggio") Motion for Reconsideration (ECF No. 175) and a Motion styled as a "Request for the Court to Take Judicial Notice of Law and Facts Pursuant to N.J.R.E. 201" (ECF No. 177).[1] The Court has carefully considered Roggio's submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Roggio's motions are denied.

I.    **BACKGROUND**[2]

    In 2010, a jury returned a verdict against Roggio in the underlying action. (*Emmanouil v. Roggio*, No. 06-1068, ECF No. 274.) Roggio challenged the verdict and resulting judgment

---

[1] In a cover letter, Roggio advised that this Motion to Take Judicial Notice replaced a prior version that he had submitted two days earlier (ECF No. 176). (ECF No. 177-1.)

[2] The Court recites only those facts relevant to the instant motions, which concern two related matters: (1) the underlying action, which resulted in a jury verdict against Roggio (Case No. 06-1068); and (2) the present action, which was commenced by the prevailing party in the underlying action in an effort to collect the judgment from Roggio. The long and complicated history of the underlying action and the present matter is summarized in *Emmanouil v. Mita Management, LLC*, No. 11-5575, 2014 WL 4722621, at *1-4 (D.N.J. Sept. 23, 2014).

arguing, among other things, that the trial court had incorrectly ruled against him on privilege-related issues. *See Emmanouil v. Roggio*, 499 F. App'x 195, 197, 199 (3d Cir. 2012). The Third Circuit ultimately affirmed the rulings against Roggio. *See id.* at 201-02.

That did not stop Roggio from continuing to contest the rulings. He filed multiple post-trial motions in the underlying action, including a "Motion to Take Judicial Notice and Supporting Argument" that contained the findings of fact and conclusions of law issued by a Massachusetts district court in a separate matter. (*Emmanouil v. Roggio*, No. 06-1068, ECF No. 397.) Another court in this district denied that motion in 2014, in part because the challenged issues had already been adjudicated. *Emmanouil v. Roggio*, No. 06-1068, 2014 WL 1744986, at *5-6 (D.N.J. Apr. 30, 2014). For the same reason, that court also denied other related motions that Roggio filed in the present matter. *See Emmanouil v. Mita Mgmt., LLC*, No. 11-5575, 2014 WL 4722621, at *6-7 (D.N.J. Sept. 23, 2014). And, due to his repetitive filings, the court also warned Roggio that "any further submission of duplicative and/or frivolous motions, applications, or other requests" may lead to sanctions. *Id.* at *7. After the judgment related matters were resolved, the present matter closed in 2015. (Aug. 24, 2015, Order, ECF No. 165.)

More than six years later, in 2021, Roggio once again began filing motions that sought to relitigate the same attorney-client privilege issues that were decided against him almost a decade ago. (*See, e.g.*, Aug. 26, 2021, Def.'s Mot. to Vacate 1, ECF No. 166 (arguing that the Court's August 2015 Order should be vacated because it was based on a judgment that "den[ied] Roggio's substantial right to attorney-client privilege."); *see also* ECF Nos. 169, 172, 173.) This Court denied all the motions that Roggio filed over the course of a year. (ECF Nos. 168, 171, 174.) Most recently, on October 19, 2022, the Court denied Roggio's "Motion for the Court to File a Final Appealable Order" and "Motion for the Court to Take Judicial Notice of Adjudicative Facts

Pursuant to Rule 201," which pointed to the same above-mentioned findings of fact and conclusions of law from the Massachusetts district court. (Oct. 19, 2022, Mem. Order, ECF No. 174; *see* Sept. 6, 2022, Mot. to Take Judicial Notice, ECF No. 173.) On November 9, 2022, Roggio filed Motions for Reconsideration and Judicial Notice. (ECF Nos. 175, 177.)

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [or denied] the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court rendered its original decision. *See, e.g., Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (citation omitted). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (citation omitted).

**III.    DISCUSSION**

Roggio fails to identify any proper basis for reconsideration. That is, Roggio does not argue that there is an intervening change in the controlling law, that new evidence became available, or that there is a need to correct a clear error of law or fact or to prevent manifest injustice. Instead, Roggio rehashes the same arguments that multiple courts have repeatedly rejected.

Roggio appears to primarily argue that the Court "again refuses to acknowledge the findings of fact and conclusions of law" issued by the Massachusetts district court. (Def.'s Moving Br. 2, ECF No. 175.) Roggio is correct if he means that the Court declines to revisit prior rulings based on those findings and conclusions. Another court in this district already denied Roggio's motion to take judicial notice of the same back in 2014. *Emmanouil*, 2014 WL 1744986, at *5-6 (D.N.J. Apr. 30, 2014). Roggio never appealed that decision. Instead, he waited nine years before filing the same motion with this Court. (ECF No. 173; *see also* ECF No. 177.) While Roggio may disagree with the Court's decision to not take judicial notice, that is not an appropriate basis for reconsideration. *Physicians Healthsource v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270469, at *1 (D.N.J. Aug. 20, 2019) (citations omitted) ("[A] motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion.").

Roggio's remaining arguments similarly amount to nothing more than disagreements with prior rulings. For example, Roggio again argues that another related action belonged in state court because the district court lacked subject matter jurisdiction. (Def.'s Moving Br. 5-7.) The Third Circuit already concluded otherwise more than a decade ago. *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011) (affirming denial of Roggio's motion to remand). Similarly, Roggio again argues that the Court "act[ed] in a manner inconsistent

4

with due process of law." (Def.'s Moving Br. 7.) The Court, however, already considered and rejected those arguments as untimely and lacking merit. (July 21, 2022, Order 2, ECF No. 171.) Again, a mere disagreement with prior court decisions is not grounds for reconsideration. *Physicians Healthsource*, 2019 WL 11270469, at *1.

IV.   **CONCLUSION**

For the above reasons, the Court denies Roggio's Motion for Reconsideration and Motion to Take Judicial Notice. The Court will enter an Order consistent with this Memorandum Opinion.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**